# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TELINIT TECHNOLOGIES, LLC § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 2:13-cv-743 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| UNIDEN AMERICA CORPORATION § | |
| § | |
| Defendant. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Uniden America Corporation ("Uniden America" or "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 7,016,942 (the "'942 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys fees, and costs.

## THE PARTIES

2. Plaintiff Telinit is a Texas corporation with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

3. Uniden America is a corporation organized under the laws of the state of Delaware with its principal place of business at: 6225 N. State Highway 161, Suite 300, Irving,

Texas. Uniden America can be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

4. Uniden America is a wholly owned subsidiary of Uniden Corporation.

5. Defendant is in the business of manufacturing, distributing and/or selling devices that channel data through a network from an initial client/server connection to direct client-to-client communication, including but not limited to the UNIDEN Guardian G455 Wireless Video Surveillance System, throughout the United States, including within this judicial jurisdiction.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its  substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

9. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offer for sale, sell, advertise (including through the use of

interactive web pages with promotional material) products or services, or use or induce others to use services or products in Texas, including this judicial district, that infringe the '942 patent.

10. Specifically, Defendant solicits business from and market their products to consumers within Texas by offering to set connections for potential Texas consumers enabling them to communicate with their own peripherals and/or devices through the Internet.

11. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling products and services for network-based client/server connectivity (dynamic hosting) systems which include features that fall within the scope of at least one claim of the '942 patent.

12. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

13. On March 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '942 patent, entitled "Dynamic Hosting" after a full and fair examination.

14. Telinit is presently the owner of the patent, having received all right, title and interest in and to the '942 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '942 patent, including the exclusive right to recover for past infringement.

15. The '942 patent is valid and enforceable.

16. The '942 patent contains four independent claims and 24 dependent claims. Defendant commercializes, *inter alias,* methods that perform all the steps recited in at least one

claim of the '942 patent, and also make, use, sell and/or offer to sell products that encompass at least one claim of the '942 patent.

17. The invention claimed in the '942 patent includes a computer-implemented method for channeling data through a network from an initial server or client connection to direct a communication from two client computers.

18. The method includes at least two computers connecting through a network to a static server which can be accessed through a predesignated address. The computers can be identified as a first computer ("First Computer") and a second computer ("Second Computer").

19. The before mentioned computers establish a communications sessions with the static server at a time in which both computers are not presently communicating with each other. Once that connection with the static server is established, the First Computer transmits first data to the Second Computer though the static server.

20. Afterwards, and while maintaining network connectivity to said static server, the First Computer directly transmits a second data to said Second Computer without said static server intervening.

## DEFENDANT'S PRODUCTS

21. Defendant manufactures and offers a surveillance system that allow users to remotely access the video feed of a camera through a separate computing device by transmitting the video feed over an internet protocol (IP) network ("Defendant's Products"). Defendant's Products include but are not limited to the UNIDEN Guardian G455 and accompanying software.

22. Defendant's Products are systems and components of devices that include, inter alia, a base station computer having data storage, computer memory (RAM) and a central

processing unit (CPU), for performing a process for remotely connecting to another computing device with the assistance of a server.

23.     A computing device containing the Defendant's proprietary software is used to view a video feed captured from a camera device included with Defendant's Products.

24.     Defendant's Products facilitate communication and data transfer (for example, a video feed) between Defendant's cameras and computer devices.  For example, Defendant's Products include a base station computer in communication with one or more cameras that transmits information to a server, including at least a current internet protocol (IP) address. Defendant's proprietary software executed on a computing device can obtain the IP address from the server.

25.     The base station computer included in Defendant's Products does not transmit data to another computing device unless prompted to do so. The computing device attempting to connect with the base station computer will first connect through a network and establish a communication session with the server first, to obtain the IP address as described above. As such, both computers communicate with the server prior to communicating with each other.

26.     Following that, the base station computer will transmit video feed data directly to the computing device without the server intervening. However, the base station computer maintains a communications session with the server while simultaneously transmitting data directly to the computing device.

## COUNT I: DIRECT INFRINGEMENT

27.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 26.

28. Taken together, either partially or entirely, the features included in Defendant's Products, perform the process recited in at least one of the claims of the '942 patent.

29. Defendant directly infringes one or more claims of the '942 patent by making, using, selling, offering to sell and/or importing the Defendant's Products in violation of 35 USC § 271(a).

30. By engaging in the conduct described herein, Defendant has injured Telinit and are thus liable for infringement of the '942 patent, pursuant to 35 U.S.C. §271.

31. Defendant has committed these acts of infringement without license or authorization.

32. To the extent that facts learned in discovery show that Defendant's infringement of the '942 patent is or has been willful, Telinit reserves the right to request such a finding at the time of trial.

33. As a result of Defendant's infringement of the '942 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

34. Telinit will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

35. Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly or indirectly infringing the '942 patent.

**DEMAND FOR JURY TRIAL**

36. Telinit demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Telinit prays for the following relief:

1. That Defendant be adjudged to have infringed the '942 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '942 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Telinit have such other and further relief as this Court may deem just and proper.

Dated: September 18, 2013

Respectfully Submitted,

By:  William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES, LLC**